NEVILLE L. JOHNSON (Bar No. 66329)
  njohnson@jjllplaw.com
DOUGLAS L. JOHNSON (Bar No. 209216)
  djohnson@jjllplaw.com
AVIEL DAHAN (Bar No. 312799)
  adahan@jjllplaw.com
**JOHNSON & JOHNSON LLP**
439 N. Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone: (310) 975-1080
Facsimile:  (310) 975-1095

DANIEL L. WARSHAW (Bar No. 185365)
  dwarshaw@pswlaw.com
BOBBY POUYA (Bar No. 245527)
  bpouya@pswlaw.com
MATTHEW A. PEARSON (Bar No. 291484)
  mapearson@pswlaw.com
**PEARSON, SIMON & WARSHAW, LLP**
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California 91403
Telephone: (818) 788-8300
Facsimile:  (818) 788-8104

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| GREG KIHN, an individual; and RYE BOY MUSIC, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BILL GRAHAM ARCHIVES, LLC, dba WOLFGANG'S VAULT, a Delaware Limited Liability Company; NORTON, LLC, a Nevada Limited Liability Company; and WILLIAM SAGAN, an individual,<br><br>Defendants. | CASE NO. 3:17-5343<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

873761.5

COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiffs Greg Kihn ("Kihn") and Rye Boy Music, LLC ("Rye Boy") (collectively referred to as "Plaintiffs"), on behalf of themselves, and all others similarly situated, bring this class action against defendants Bill Graham Archives, LLC, dba Wolfgang's Vault, Norton, LLC, and William Sagan (collectively referred to as "Defendants") for injunctive relief and damages under the copyright laws of the United States as follows:

## I. NATURE OF THE ACTION

1. This class action is being brought by Plaintiffs, on behalf of themselves and other similarly-situated holders of mechanical rights, synchronization rights, and copyrights to copyrighted music and musical performances (each a "Class Member" and collectively the "Class"), against Defendants for copyright infringement under the Copyright Act of the United States, Title 17, United States Code §§ 101, *et seq.*

2. Plaintiffs and the Class are the copyright owners, or owners of the exclusive rights, in numerous copyrighted musical compositions, live musical performance recordings, and/or concert footage in the United States. Pursuant to United States copyright laws, no individual or company other than copyright owners may exploit a copyrighted work without a license. Plaintiffs' music is available in both physical and digital mediums; such as compact discs, as well as through online services that allow Plaintiffs' works to be downloaded or streamed. Plaintiffs have granted licenses to major media distributors including, but not limited to, iTunes, Amazon, and Google, so that consumers can purchase and download Plaintiffs' works. Additionally, Plaintiffs have granted licenses to streaming services including, but not limited to, iTunes, Pandora, and Spotify.

3. Defendants operate two websites, www.wolfgangsvault.com and www.concertvault.com (collectively referred to as "Defendants' Websites" or "Websites"). Wolfgang's Vault is a website that streams thousands of live recordings from rock concerts from the 1950s through 1999 from over 900 musical artists. Defendants' Websites stream sound and video recordings from live concerts from 1965 to 1999 sourced from several sources including,

but not limited to, the King Biscuit Flower Hour radio show broadcasts, the 1984 Capitol Theater performance recording,[1] and other recordings from the Bill Graham collection including the 1976 Winterland performance.[2] Defendants' Websites are subscription based websites where consumers can listen to thousands of music titles for a monthly or annual fee. Defendants' Websites also offer an internet radio service.

4. Unbeknownst to Plaintiffs and the Class, these broadcasts and live musical performances were recorded and archived. Defendants' Websites broadcasted, and continue to broadcast, or otherwise made available to the public, copyrighted material without proper licenses, as required under the Copyright Act. Upon information and belief, Defendants' infringement is willful, intentional, and purposeful. Defendants have failed to use any of the available instruments to properly obtain permission for the reproduction and distribution of Plaintiffs and the Class' copyrighted works, whether it be in the form of a voluntary license, compulsory license, or synchronization license. As such, Defendants have no legal rights to stream, reproduce, or distribute Plaintiffs and the Class' copyrighted works on Defendants' Websites. This conduct has resulted in the Defendants wrongfully profiting from the creative works of Plaintiffs and the Class.

5. Plaintiffs seek an accounting, monetary damages, injunctive, and/or declaratory relief on behalf of themselves and the Class against Defendants for their willful violation of United States copyright laws.

## II. PARTIES

**Plaintiffs**

6. Plaintiff Greg Kihn, also known as *The Greg Kihn Band*, is an individual who resides in the State of California. Kihn is an accomplished musician and radio personality. Kihn has recorded approximately 17 albums. Kihn is the owner of several copyrights at issue herein. Kihn's accomplishments led to his induction into the San Jose Rock Hall of Fame in 2007.

---

[1] This 1984 Capitol Theater live performance recording was sourced from the archives of John Scher, a concert promoter.

[2] About Concert Vault, http://www.concertvault.com/about.html (last visited September 14, 2017).

7. Kihn has released a total of seventeen albums over the past 41 years and has reached great level of success. Kihn's hit song "Jeopardy" made it to the number 1 spot on the *Billboard* dance list, and made it to the number 2 spot for *Billboard* top 100. In 1981, Kihn's song "The Breakup Song (They Don't Write 'Em)" from the *Rockihnroll* album, made it to number 15 on the *Billboard* Hot 100 list. Kihn has had numerous concert tours, including tours with Journey, the Grateful Dead, and the Rolling Stones.

8. Kihn is the lawful copyright owner of the Live Musical Performances. As the lawful copyright owner of the Live Musical Performances, Kihn has the exclusive right to grant licenses for the exploitation and distribution, including, but not limited to, streaming and digital download rights of the Live Musical Performances.

9. Recordings of Kihn's performances that were broadcasted live on the King Biscuit Flower Hour radio show are available for download and streaming on Defendants' Websites in violation of United States copyright laws. These live concert broadcasts were recorded without knowledge or consent of Kihn and the Class. Upon information and belief, Defendants obtained these concert broadcasts, which were recorded unbeknownst to Kihn and the Class, from King Biscuit in or around April 2007 with the intent to make such broadcast recordings publicly available for streaming and download on their Websites;[3] and Defendants have in fact made these recordings publicly available on their websites.

10. Upon information and belief, Defendants acquired recordings of Kihn's 1976 Winterland concert from the Bill Graham archives. Additionally, upon information and belief, Defendants purchased John Scher's archive of compositions, live musical performance recordings, and concert footage which included Kihn's 1984 performance at the Capitol Theater in New Jersey. Kihn is the lawful copyright owner of the Live Musical Performance Recordings from the

---

[3] King Biscuit Records and Wolfgang's Vault Announce Vintage Concert Downloads From The Bill Graham & King Biscuit Flower Hour Archives, http://www.prnewswire.com/news-releases/king-biscuit-records-and-wolfgangs-vault-announce-vintage-concert-downloads-from-the-bill-graham--king-biscuit-flower-hour-archives-58731472.html (last visited September 14, 2017).

1976 Winterland performance and the 1984 Capitol Theater performance.

11. Plaintiff Rye Boy Music, LLC, is a California Limited Liability Company, which owns Rye Boy Music and Lexy Girl Music. Rye Boy is Kihn's publisher, and is the owner of several copyrights at issue herein.

12. Rye Boy is the lawful copyright owner under United States copyright law with respect to the Compositions. As the lawful copyright owner of the Compositions, Rye Boy has the exclusive right to grant licenses for the synchronization of the Compositions, in whole or in part, with motion pictures, video discs, and any other audio-visual devices together with the right to publicly perform the Compositions under the copyright laws of the United States; as well as grant licenses for streaming and digital downloads of the Compositions. Furthermore, Rye Boy is the lawful copyright owner of the certain copyrights contained within the Concert Footage.

13. This matter involves Defendants' unauthorized exploitation of Rye Boy's musical compositions listed in **Exhibit A** (the "Compositions"), as well as the thousands of musical compositions of the Class. In addition, this matter includes the unauthorized exploitation of Kihn's live Musical Performance Recordings listed in **Exhibit B** (the "Live Musical Performance Recordings"), as well as the thousands of live musical performance recordings of the Class. Lastly, this matter includes the unauthorized exploitation of Rye Boy's Compositions contained within the concert footage listed in **Exhibit C** (the "Concert Footage"), as well as the concert footage of the Class. Each Composition has been registered for copyright with the Copyright Office. The copyright registrations for each of the Compositions are attached hereto as **Exhibit D**.

14. Plaintiffs are, and at all relevant times described herein, the copyright owners, or assignees of exclusive rights, of the Compositions, Live Musical Performance Recordings, and/or Concert Footage under United States copyright law. Plaintiffs distribute and sell their music in the form of compact discs and other physical media throughout the United States. Plaintiffs also sell and distribute copyrighted music in the form of digital audio files through authorized and legitimate internet services. Such services include iTunes, Amazon, Apple Music, YouTube, and Spotify, the services of which are available throughout the United States. Plaintiffs are entitled to receive royalties from these services each time their content is streamed or downloaded.

**Defendants**

15. Defendant William Sagan is an individual who, upon information and belief, currently resides in Palo Alto, California, and is the owner of Bill Graham Archives, LLC dba Wolfgang's Vault and Norton, LLC.

16. Defendant Bill Graham Archives, LLC dba Wolfgang's Vault is a Delaware limited liability company. Upon information and belief, Bill Graham Archives, LLC dba Wolfgang's Vault maintains an office at 149 Bluxome Street, San Francisco, CA 94107.

17. Defendant Norton, LLC is a limited liability company incorporated in the State of Nevada. Upon information and belief, Norton, LLC is headquartered at 3663 Barron Way, Reno, NV 89511. Upon information and belief, "Wolfgang's Vault" and "Concert Vault" are trademarks of Norton, LLC. Wolfgang's Vault is a website that streams thousands of live recordings from rock concerts from the 1950s through 1999 from over 900 musical artists.[4]

### III. JURISDICTION AND VENUE

18. This Court has personal jurisdiction over Defendants. Defendant William Sagan resides in and is domiciled in Palo Alto, California, which is in this judicial district. Plaintiffs and the Class are also informed and believe, that Bill Graham Archives, LLC maintains an office in this judicial district. Additionally, Defendants Bill Graham Archives, LLC and Norton, LLC have systematic and continuous contacts in this judicial district. The various acts complained of herein occurred in this judicial district, and Defendants have injured Plaintiffs and the Class, and their intellectual property, in this judicial district. Defendants have injured Plaintiffs and the Class by profiting from the sale and distribution of Plaintiffs and the Class' copyrighted works and not paying royalties to the respective owners under United States copyright laws.

19. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the United States copyright laws, 17 U.S.C. § 101 *et seq.*

---

[4] Wolfgang's Vault Opening Entire Concert Catalog For Downloads, http://www.billboard.com/articles/news/267236/wolfgangs-vault-opening-entire-concert-catalog-for-downloads (last visited September 14, 2017).

873761.5

6

COMPLAINT FOR COPYRIGHT INFRINGEMENT

1  ("Copyright Act"). Further, this Court has jurisdiction over this matter pursuant to the Class
2  Action Fairness Act, 28 U.S.C. §§ 1332(d), because the aggregate claims of the Class exceed the
3  sum or value of $5,000,000, and there is diversity of citizenship between proposed Class members
4  and Defendants.

5      20.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391
6  because it is where Defendant William Sagan resides, and where a substantial part of the wrongful
7  acts committed by Defendants have occurred.

## IV. FACTUAL ALLEGATIONS

### A. The Bill Graham Collection

21.    Bill Graham was a rock concert promoter from the 1960s until his death in 1991. Bill Graham's company, Bill Graham Presents, had an archive of thousands of performances from the San Francisco Bay area, including almost all concert recordings from 1960 to 1999. These recordings were stored on tapes in the basement of the headquarters of Bill Graham Presents. This archive was one of the largest private collections of classic rock concert recordings.

22.    This collection of unauthorized rock concert recordings was unique and valuable because these performance recordings were never released to the public. Rather, these recordings were made and stored as part of Bill Graham's private collection.

23.    Bill Graham was able to obtain the concert recordings because of his status as a concert promoter. Venues would often broadcast the live feed on display screens at the venue. Upon information and belief, artists and publishers were unaware that the live feeds at concerts were being recorded and stored.

### B. Wolfgang's Vault and Concert Vault Websites

24.    Wolfgang's Vault began operation in November 2003 after Defendant Sagan purchased the Bill Graham collection. Not long thereafter, upon information and belief, Defendants purchased additional content from sources including, but not limited to, the King Biscuit broadcast recordings, and the John Scher archive. Since the inception of Defendants' Websites, Defendants have been infringing on Plaintiffs and the Class' copyrighted works by making them available to the public without permission from artists and publishers.

25. Defendants' Websites are subscription based music streaming services by which the public can pay per month or annually to access thousands of copyrighted works by Plaintiffs and the Class. Consumers can sign up for a Wolfgang's Vault membership for $39.99 per year. Consumers can also elect to sign up for a subscription to Defendants' Concert Vault website on a monthly basis for $3.99, yearly at $39.99, or for two years at $79.99.

26. Defendants have uploaded, and made publicly available, Plaintiffs and the Class' copyrighted works, which includes tens, if not hundreds, of thousands of tracks from approximately a thousand different artists.

27. Defendant also offers a radio service where the public can listen to Plaintiff and the Class' works on Defendants' Websites. Upon information and belief, Defendants profit from banner advertisements on the Wolfgang's Vault "radio" webpage. When viewing the radio player webpage there are two large banner advertisements powered by Google Adwords. As a result of Defendants' intentional and wrongful acts of infringement of Plaintiffs and the Class' copyrighted works, they have driven internet traffic and advertising to the Websites rather than legitimate channels licensed to distribute and sell Plaintiffs and the Class' copyrighted works.

28. Upon information and belief, Defendants have taken no effective steps to secure permission from Plaintiffs or Class Members to reproduce and distribute their copyrighted works.

29. Upon information and belief, Defendants have willfully engaged in, and have knowingly profited from the pervasive infringement of Plaintiffs and the Class' copyrights since approximately November 2003, when the Wolfgang's Vault website first began operation. As a result of Defendants' copyright infringement, Plaintiffs and the Class' copyrighted works have been downloaded and/or streamed by the public hundreds of thousands of times, without permission and without proper payment of any kind.

30. Defendants' unauthorized use of Plaintiffs and the Class' copyrighted works in connection with the Websites have caused, and are continuing to cause, Plaintiffs and the Class significant and irreparable harm. Under the Copyright Act, Plaintiffs and the Class are entitled to royalties for their copyrighted works. Defendants have failed to pay the royalties owed to Plaintiffs and the Class, and must be enjoined from their failure to comply with United States

copyright laws.

31. Defendants' Websites are reproducing, selling, and distributing Plaintiffs and the Class' copyrighted works that were contained in the John Scher archives, the Bill Graham collection, and King Biscuit archive of concert recordings.

32. Defendants claim that "Concert Vault is fully licensed by all appropriate performance rights organizations."[5] However, Plaintiffs and Class Members have never received any royalties from Defendants either directly or through ASCAP or BMI. Moreover, Defendants state on their website that "[e]very time you listen to or download a concert license fees make their way back to the performers that made the music. Making sure that artists are compensated for their performances will always be a top priority for us, as it should be for you."[6]

33. Plaintiffs and the Class seek monetary damages, injunctive, and/or declaratory relief against Wolfgang's Vault for its willful violation of United States Copyright laws for Defendants' failure to pay Plaintiffs and the Class royalties for the content on the Wolfgang's Vault and Concert Vault websites.

## V. CLASS ALLEGATIONS

34. Plaintiffs brings this class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2) and (b)(3) on behalf of themselves and the following Class:

> All owners of copyrights and musical compositions registered under United States copyright law, that were reproduced and/or distributed by Defendants without a license since 2003.

35. The following persons and entities shall be excluded from the Class: (1) Wolfgang's Vault and its subsidiaries, affiliates, officers, and employees; (2) all persons who make a timely election to be excluded from the proposed Class; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediately family members thereof.

---

[5] About Concert Vault, http://www.concertvault.com/about.html (last visited September 14, 2017).
[6] *Id.*

36. Plaintiffs reserve their rights to redefine the Class prior to certification.

37. This action is properly maintainable as a class action.

38. The Class for whose benefit this action is brought are so numerous that joinder of all Class members is impracticable.  While Plaintiffs do not presently know the exact number of Class members, Plaintiffs are informed and believe that there are thousands of Class members, and that those Class members can only be determined and identified through Defendants' records and, if necessary, other appropriate discovery.

39. There are questions of law and fact which are common to Class members and which predominate over any questions affecting only individual members of the Class.  A class action will generate common answers to the below questions, which are apt to drive the resolution of the litigation:

   a. Whether the Class Members have the exclusive rights to the compositions, live musical performance recordings, and concert footage that are available on Defendants' Websites;

   b. Whether Defendants violated U.S. copyright laws;

   c. Whether Defendants' violation of the Copyright Act was willful;

   d. Whether Defendants have a license to exploit the Class' compositions, live musical performance recordings, or concert footage;

   e. Whether Defendants benefitted financially from its wrongful acts;

   f. Whether the Plaintiffs and Class Members have been damaged by the actions or conduct of Defendants;

   g. Whether injunctive relief is appropriate; and

   h. The proper measure of damages.

40. Plaintiffs are committed to prosecuting this action and have retained competent counsel experienced in litigation of this nature.  Plaintiffs' claims are typical of the claims of other Class Members and Plaintiffs have the same interests as other Class members.  Plaintiffs have no interests that are antagonistic to, or in conflict with, the interests of the other members of the Class.  Plaintiffs are adequate representatives of the Class and will fairly and adequately protect

1  the interests of the Class.

2  　　　41.　　The prosecution of separate actions by individual Class members could create a
3  risk of inconsistent or varying adjudications with respect to individual members of the Class,
4  which could establish incompatible standards of conduct for Defendants or adjudications with
5  respect to individual members of the Class which would, as a practical matter, be dispositive of
6  the interests of the members of the Class not parties to the adjudications.

7  　　　42.　　Furthermore, as the damages suffered by some of the individual Class members
8  may be relatively small, the expense and burden of individual litigation make it impracticable for
9  the individual members of the Class to redress the wrongs done to them individually. If a Class or
10 general public action is not permitted, Class members will continue to suffer losses and
11 Defendants' misconduct will continue without proper remedy.

12 　　　43.　　Plaintiffs anticipate no unusual difficulties in the management of this litigation as a
13 class action. Class members may be identified from Defendants' databases and such Class
14 members may be notified of the pendency of this action by mail or by electronic means (like
15 email), using techniques and a form of notice customarily used in class actions.

16 　　　44.　　For the above reasons, a class action is superior to other available methods for the
17 fair and efficient adjudication of this action.

## VI.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT OF COMPOSITIONS

### (17 U.S.C. § 101 *ET SEQ.*)

### (Plaintiff Rye Boy and the Class Against All Defendants)

23 　　　45.　　Plaintiffs incorporate by reference the allegations in paragraphs 1 through 44
24 above.

25 　　　46.　　Defendants, without the permission or consent of Rye Boy or the Class, reproduce,
26 distribute, and sell unauthorized reproductions of Rye Boy and the Class' copyrighted
27 compositions. Defendants have engaged in the unauthorized distribution and sale of copyrighted
28 compositions, including but not limited to, Rye Boy's Compositions identified in **Exhibit A,** and

873761.5
11
COMPLAINT FOR COPYRIGHT INFRINGEMENT

the Class' compositions.

47. Plaintiffs are informed and believe, and thereon allege, that Defendants' infringement upon the Rye Boy and the Class' copyrighted compositions is willful, intentional and purposeful because Defendants have not taken any steps to secure licenses to exploit Rye Boy and the Class' compositions.

48. Defendants have acted in complete disregard for the rights and protections afforded to Rye Boy and the Class under the Copyright Act.

49. Each dissemination of a copyrighted composition on Defendants' Websites constitutes a separate and distinct act of infringement under the Copyright Act.

50. Pursuant to 17 U.S.C. § 504(c)(2), Rye Boy and the Class are entitled to maximum statutory damages of $150,000 with respect to each work that has been infringed by Defendant, or such other amounts as may be deemed proper under 17 U.S.C. § 504(c).

51. Rye Boy and the Class are entitled to their actual damages, which include all of Defendants' profits derived from the infringement of Rye Boy's Compositions, as well as those of the Class, in amounts to be proven at trial. In addition, Rye Boy and the Class are entitled to reasonable attorneys' fees in prosecuting this action, pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## UNAUTHORIZED FIXATION AND TRAFFICKING OF SOUND RECORDINGS AND MUSIC VIDEOS
## (17 U.S.C. § 1101)
## (Kihn and the Class Against All Defendants)

52. Kihn incorporates by reference the allegations in paragraphs 1 through 51 above.

53. Defendants, without Kihn and the Class' consent, fixed Kihn and the Class' live musical performances in a copy or phonorecord, or reproduced copies or phonorecords of such live musical performances from an unauthorized fixation, in violation of Kihn and the Class' rights under 17 U.S.C. § 1101.

54. Defendants have transmitted or otherwise communicated to the public Kihn and the Class' live musical performance recordings.

55. Defendants have reproduced, distributed, sold, and trafficked Kihn and the Class' live musical performance recordings without consent or authorization.

56. Defendants have acted in complete disregard for the rights and protections afforded to Kihn and the Class under the Copyright Act.

57. Each dissemination of Kihn and the Class' copyrighted, and unauthorized, live musical performance recordings on Defendants' Websites constitutes a separate and distinct act of infringement under the Copyright Act.

58. Pursuant to 17 U.S.C. § 504(c)(2), Kihn and the Class are entitled to maximum statutory damages of $150,000 with respect to each work that has been infringed by Defendant, or such other amounts as may be deemed proper under 17 U.S.C. § 504(c).

59. Kihn and the Class are entitled to their actual damages, which include all of Defendants' profits derived from the infringement of Kihn and the Class' live musical performance recordings, in amounts to be proven at trial. In addition, Kihn and the Class are entitled to reasonable attorneys' fees in prosecuting this action, pursuant to 17 U.S.C. § 505.

### THIRD CLAIM FOR RELIEF

### COPYRIGHT INFRINGEMENT OF CONCERT FOOTAGE

### (17 U.S.C. § 101 *ET SEQ.*)

### (Plaintiff Rye Boy Against All Defendants)

60. Rye Boy incorporates by reference the allegations in paragraphs 1 through 59 above.

61. Defendants, without the permission or consent of Rye Boy or the Class, reproduce, distribute, and sell unauthorized reproductions of Rye Boy and the Class' copyrighted musical compositions contained within the concert footage. Defendants have engaged in the unauthorized distribution of copyrighted concert footage, including but not limited to, Rye Boy's copyrighted compositions contained within the Concert Footage identified in **Exhibit C,** and the Class' concert footage. The infringement includes both the performances recorded and distributed, as well as the underlying compositions contained on such recordings.

62. Defendants' infringement upon Rye Boy and the Class' copyrighted compositions

1 contained within the concert footage is willful, intentional and purposeful because Defendants
2 have not taken any steps to secure licenses to exploit Rye Boy and the Class' concert footage.

3        63.      Defendants have acted in complete disregard for the rights and protections afforded
4 to Rye Boy and the Class under the Copyright Act.

5        64.      Each dissemination of a copyrighted concert footage recording on Defendants'
6 Websites constitutes a separate and distinct act of infringement under the Copyright Act.
7 Pursuant to 17 U.S.C. § 504(c)(2), Rye Boy and the Class are entitled to maximum statutory
8 damages of $150,000 with respect to each work that has been infringed by Defendant, or such
9 other amounts as may be deemed proper under 17 U.S.C. § 504(c).

10        65.      Rye Boy and the Class are entitled to their actual damages, which include all of
11 Defendants' profits derived from the infringement of each concert footage recording, in amounts
12 to be proven at trial. In addition, Rye Boy and the Class are entitled to reasonable attorneys' fees
13 in prosecuting this action, pursuant to 17 U.S.C. § 505.

14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, pray for judgment against Defendants as follows:

1. An order certifying the proposed Class, designating Plaintiffs as the named representatives of the Class, and designating the undersigned as Class Counsel;

2. A declaration that Defendants are infringing upon Plaintiffs and the Class' rights by using their compositions, sound recordings, and concert footage without prior written permission and failing to pay royalties;

3. An accounting of each song and video played on Defendants' Websites and how many times it was played;

4. An injunction requiring Defendants to stop infringing the intellectual property rights of Plaintiffs and the Class;

5. An award to Plaintiffs and the Class of compensatory, exemplary, and/or statutory damages in an amount to be proven at trial;

6. An award of attorneys' fees and costs, as allowed by law;

7. An award of pre-judgment and post-judgment interest, as provided by law;

8. For leave to amend the Complaint to conform to the evidence produced at trial; and

9. Such other and further relief as the Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

| | | |
|---|---|---|
| DATED: September 14, 2017 | | **PEARSON, SIMON & WARSHAW, LLP**<br>DANIEL L. WARSHAW<br>BOBBY POUYA<br>MATTHEW A. PEARSON |

By: _____*/s/ Daniel L. Warshaw*_____
　　　　　DANIEL L. WARSHAW
Attorneys for Plaintiffs

DATED: September 14, 2017　　　**JOHNSON & JOHNSON LLP**
　　　　　　　　　　　　　　　　NEVILLE L. JOHNSON
　　　　　　　　　　　　　　　　DOUGLAS L. JOHNSON
　　　　　　　　　　　　　　　　AVIEL DAHAN

By: _____*/s/ Neville L. Johnson*_____
　　　　　NEVILLE L. JOHNSON
Attorneys for Plaintiffs

873761.5

16
COMPLAINT FOR COPYRIGHT INFRINGEMENT

**JURY TRIAL DEMANDED**

Plaintiffs, on behalf of themselves and the Class, hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit.

DATED: September 14, 2017

**PEARSON, SIMON & WARSHAW, LLP**
DANIEL L. WARSHAW
BOBBY POUYA
MATTHEW A. PEARSON


By: _____*/s/ Daniel L. Warshaw*_____
         DANIEL L. WARSHAW
Attorneys for Plaintiffs

DATED: September 14, 2017

**JOHNSON & JOHNSON LLP**
NEVILLE L. JOHNSON
DOUGLAS L. JOHNSON
AVIEL DAHAN


By: _____*/s/ Neville L. Johnson*_____
         NEVILLE L. JOHNSON
Attorneys for Plaintiffs