United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GREG KIHN, ET AL.,**<br>Plaintiffs,<br>vs.<br>**BILL GRAHAM ARCHIVES, LLC, ET AL.,**<br>Defendants**.** | CASE NO. 17-cv-05343-YGR<br><br>**ORDER RE: DISCOVERY DISPUTE**<br>Re: Dkt. No. 89 |

The Court is in receipt of the parties' joint letter brief. (Dkt. No. 89 ("LB").) Having carefully considered the arguments submitted, the Court hereby **ORDERS** as follows:

1. Defendants have agreed to produce all usage reports sent to MediaNet from September 14, 2014 to the present and shall do so within **seven days**.

2. Defendants do not dispute plaintiffs' contention that documents pre-dating September 14, 2014 are relevant to refute defendants' affirmative defense of compliance with 17 U.S.C. section 115, only that such information does not relate to class certification and that "the request is not proportional." (LB at 3.) The Court has not bifurcated discovery, and defendants' bald conclusory assertion that the request is not proportional does not make it so. Thus, defendants shall produce all such reports dating back to January 1, 2009 within **seven days**. Once produced, the parties may meet and confer regarding whether further discovery is warranted and the cost-benefit analysis of the same. Any additional letter brief shall address the "Proportionality and Costs" issues found in this district's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information, including:

    a. The amount and nature of the claims being made by either party;
    b. The nature and scope of burdens associated with the proposed discovery;
    c. The likely benefit of the proposed discovery; and

       d. Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.

3. With respect to Interrogatory No. 1 and Requests for Production Nos. 14 and 15, it appears that the parties' have a genuine dispute as to whether a particular category of persons qualifies as an "owner" for purposes of copyright law. The request that the Court order the production of information and documents "without objection" is **DENIED**. (LB at 2.) Without full litigation of the specifics of the case at hand, the Court is not in a position to resolve those objections.

    That said, defendants should not be withholding relevant information and documents. By **Friday, September 28, 2018**, plaintiff shall file the discovery requests at issue so that the Court can further review the specifics of the requests and the objections. The parties may also file a joint statement to include any specific language proposed during the meet and confer process to narrow the scope of the requests or to reformulate the requests so that discovery of the information could be produced without impeding the ability of defendants to maintain their objections.

Accordingly, plaintiffs' requests are **GRANTED IN PART AND DENIED IN PART**.

This Order terminates Docket Number 89.

**IT IS SO ORDERED.**

Dated: September 26, 2018

                              **YVONNE GONZALEZ ROGERS**
                           **UNITED STATES DISTRICT COURT JUDGE**